
SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR–16–557

| | | |
|---|---|---|
| JUAN PEREZ | | **Opinion Delivered:** September 8, 2016 |
| | APPELLANT | |
| V. | | MOTION TO DISMISS APPEAL AS MOOT |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>MOTION DENIED WITHOUT PREJUDICE</u>. |

## PER CURIAM

Attorney Phillip McGough was appointed by the Miller County Circuit Court to represent appellant Juan Perez in the appeal of a conviction for rape. On June 21, 2016, counsel filed a "Motion to Dismiss Appeal as Moot." In his motion, counsel states that on May 27, 2016, he mailed a notice of appeal and designation of record to the Miller County Circuit Clerk and to court reporter Tabbetha A. Kopech; that on June 1, 2016, Kopech emailed him to inform him that Perez had died; and that on June 7, 2016, Miller County Prosecuting Attorney Stephanie Black telephoned him and told him that Perez had died on May 4, 2016. Counsel contends that, because Perez has died, this court should dismiss the appeal as moot.

Rule 1(c) of the Arkansas Rules of Appellate Procedure–Criminal states that, "[u]pon the death of a defendant, the appeal shall not abate. The appeal shall continue on the relation of a representative party as provided in Ark. R. Civ. P. 25(a)." *See also Dowdy v. State*, 2015

Ark. 35. Subsection (c) was amended in 2004 to permit an appeal to continue following the

death of a defendant. Before the rule was amended,

> no appeal could be taken after the death of a defendant, and any appeal taken during a defendant's life abated upon his death. This situation could create collateral consequences to the estate and heirs of a defendant. For example, assume that a defendant convicted of homicide is the beneficiary of an insurance policy insuring the life of the homicide victim. If the defendant dies while the conviction is on appeal, the continuation of the appeal is the only way for the defendant's estate to challenge the conviction. As a party in privity with the defendant, the estate would be collaterally estopped from relitigating the defendant's guilt in a subsequent civil proceeding to determine the disposition of the insurance proceeds. *See Zinger v. Terrell*, 336 Ark. 423, 985 S.W. 2d 737 (1999) (murder conviction bars defendant from relitigating guilt in subsequent civil proceeding). Similarly, the judgment of conviction may order a defendant to pay a substantial fine or restitution. This potential claim against the defendant's estate could not be contested by the estate if the opportunity to challenge the conviction is extinguished by the death of the defendant.

Ark. R. App. P.–Crim.1(c) reptr. nn. to 2004 amendment.

Accordingly, the status of this criminal appeal is now governed by Arkansas

Rule of Civil Procedure 25(a)(1):

> If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party, and such substitution may be ordered without notice or upon such notice as the Court may require. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by the service upon the parties of a statement of the fact of death, the action may be dismissed as to the deceased party.

Ark. R. Civ. P. 25(a)(1).

Motion denied without prejudice.